IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARVIN PRINCE,

Plaintiff,

v.

MS. K. LLOYD and MS. K. GEISSLER,

Defendants.

OPINION & ORDER

14-cv-677-jdp

---

*Pro se* plaintiff Marvin Prince, a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Columbia Correctional Institution, has filed a complaint alleging that prison officials deprived plaintiff of his right to access the courts by refusing to extend his legal loan. The events giving rise to plaintiff's claims began at Stanley Correctional Institution, continued after plaintiff transferred to Columbia Correctional Institution, and appear to implicate prison officials from both locations. Although plaintiff only identifies two defendants in the caption of his complaint, the body of his complaint identifies several other individuals who may have been involved in the events leading to this case.

The court has granted plaintiff leave to proceed *in forma pauperis*, and plaintiff has paid the court-assessed initial partial payment. Dkt. 2 and Dkt. 5. The next step is for the court to screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. When screening a *pro se* litigant's complaint, the court construes the allegations liberally and in the plaintiff's favor. *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010).

Now that I have considered plaintiff's allegations, I will dismiss plaintiff's complaint for failing to comply with Federal Rule of Civil Procedure 8 and allow him the opportunity to amend his complaint to fix the problems identified in this order.

ALLEGATIONS OF FACT

Plaintiff alleges that he applied for and received a $50 "legal loan" while housed at the Stanley Correctional Institution (SCI). Plaintiff exhausted those funds but "needed more to complete [his] motion," and he requested a loan extension. Dkt. 1, at 3. Defendant Ms. Geissler, a prison official who worked in the SCI business office, informed plaintiff that he needed to direct his extension request to the Warden's Office.

It appears that plaintiff's "motion" refers to an underlying lawsuit that plaintiff had initiated in state court. With respect to this underlying lawsuit, plaintiff states only that he attempted to "challenge [his] revocation," that he needed to pursue a writ of certiorari, and that the court eventually dismissed the litigation for statute of limitations reasons and "insufficient copies." Dkt. 1, at 2. Plaintiff summarily alleges that his underlying case was not frivolous because the court dismissed it "due to insufficient copies and going beyond the 45-day statute of limitation." Dkt. 1, at 6.

After plaintiff attempted to secure a loan extension, defendant Ms. Maguire-Petke, Management Services Director at SCI, informed plaintiff that he needed to identify a case number and an upcoming court deadline to justify the extension. Plaintiff gave Ms. Maguire-Petke a case number and explained that he had 45 days to petition for certiorari; Ms. Maguire-Petke continued to deny plaintiff the requested extension. However, it appears that plaintiff eventually provided sufficient documentation of his pending case and deadlines, and

Ms. Maguire-Petke approved a $25 extension. These exchanges between plaintiff and Ms. Maguire-Petke occurred over the course of several weeks in May and June 2014.

Before plaintiff had the opportunity to use these additional funds, the DOC transferred him to the Columbia Correctional Institution (CCI). Ms. Lloyd in the CCI business office informed plaintiff that CCI does not honor legal loan extensions approved by other institutions. Plaintiff applied for a new legal loan, and CCI approved him for $50.

However, after CCI personnel determined that plaintiff had already exhausted his $50 loan while housed at SCI, a Mr. Schellinger, with the Warden's Office, informed plaintiff that he needed to submit a new loan application with supporting documents and essentially reapply for an extension with CCI. Plaintiff filed an inmate complaint after CCI refused to honor the $25 loan extension the Stanley Correctional Institution granted. CCI dismissed the complaint, noting that loans that exceed the annual limit require the warden's approval.

Plaintiff concludes his complaint by alleging that the institution charged him for postage that the institution should have covered, totaling $8. I will construe this allegation to be part of plaintiff's larger claim that defendants deprived plaintiff of his right to access the courts.

Plaintiff contends that Stanley Correctional Institution employees Geissler, Richardson, and Maguire-Petke, and Columbia Correctional Institution employees Ms. K. Lloyd, Schellinger, and Hart deprived plaintiff of his right to access the courts. Plaintiff contends that he should not have to produce legal documents to prison officials—the adversarial party, in many cases—to prove that he needs additional funding to access the courts.

ANALYSIS

Plaintiff alleges a claim for failure to provide access to the courts, pursuant to 42 U.S.C. § 1983. The right to litigate claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Synder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004).

In *Bounds v. Smith*, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). "It is well established that prisoners have a constitutional right of access to the courts for pursuing post-conviction remedies and for challenging the conditions of their confinement." *Williams v. Listug*, No. 02-C-0472-C, 2002 WL 32350013, at *6 (W.D. Wis. Sept. 27, 2002) (citing *Campbell v. Miller,* 787 F.2d 217, 225 (7th Cir. 1986)). A prisoner's right to access the courts includes, for example, the right to "basic scribe materials," such as paper and writing utensils, and other materials essential for litigating a case. *Gentry v. Duckworth,* 65 F.3d 555, 558 (7th Cir. 1995).

But the right to access to the courts is not unlimited. To state a claim for failure to provide access to the courts, a plaintiff must allege facts demonstrating that the defendant prevented him from litigating a nonfrivolous claim: "A prisoner asserting a denial of access claim must show an 'actual injury' in the form of interference with a 'nonfrivolous legal claim.'" *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Plaintiff has not alleged facts sufficient to demonstrate that defendants denied him the ability to litigate a legitimate challenge to his underlying conviction or sentence or a

nonfrivolous claim concerning the conditions of his confinement. At this juncture, I do not know what claims defendants allegedly prevented plaintiff from litigating, much less whether those claims were nonfrivolous. To maintain his access to the courts claim, plaintiff must allege that he lost a nonfrivolous challenge to his sentence, conviction, or conditions of confinement as a result of defendants' deprivations. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Because plaintiff's complaint does not satisfy Rule 8's standard for pleading an access to courts claim, I will dismiss the complaint and allow plaintiff to file an amended complaint that clarifies: (1) the nature of the underlying claims plaintiff attempted to litigate, and (2) how each individual defendant deprived plaintiff of the ability to litigate that underlying case. Plaintiff's amended complaint should provide fair notice to the defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to an audience who knows nothing about his situation and include specific factual allegations that identify what each individual defendant did to deprive him of access to the courts.

As a final note, if plaintiff does file an amended complaint, he should specifically identify each of the individuals he intends to name as defendants in this case and the specific acts each committed in violation of plaintiff's right to access to the courts. As discussed earlier, there is some confusion regarding precisely who plaintiff intends to identify as

defendants in his original complaint. In his amended complaint, plaintiff should name all intended defendants in his caption and when listing the "parties" to this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Marvin Prince's complaint, Dkt. 1, is DISMISSED for failing to comply with Federal Rule of Civil Procedure 8.

2. Plaintiff may have until December 7, 2015, to file an amended complaint addressing the problems articulated in this opinion. Should plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered November 13, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge